IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| STEVEN R. BROMELL, ) | |
| ) | |
| Plaintiff, ) | Case No. CV05-419-N-LMB |
| ) | |
| vs. ) | **MEMORANDUM ORDER** |
| ) | |
| IDAHO DEPT. OF CORRECTIONS, ) | |
| C/O LARRY M. KYLE, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Pending before the Court are Plaintiff's Motion to Amend (Docket No. 22) and Defendant Kyle's Motion to Dismiss (Docket No. 23). All parties have consented to the jurisdiction of a United States Magistrate Judge to enter final orders in this case (Docket No. 17). Having reviewed the record, the Court concludes that oral argument is unnecessary. Having considered the Motions, Responses, and Replies filed by the parties, the Court enters the following Order.

I.

**REVIEW OF COMPLAINT**

**A.     Background**

Plaintiff, an Idaho Department of Correction (IDOC) inmate, alleges that Officer Kyle violated his Eighth Amendment right to be free from cruel and unusual punishment. Plaintiff's description of the incident is as follows:

> On August 16, 2005, Steven Bromell was inappropriately fondled and sexually battered by Defendant Officer Kyle while returning from the prison recreation yard at the Idaho State Correction Institution in Orofino, Idaho.  At that time and place Defendant Officer Kyle approached Mr. Bromell from behind and placed his penis against Mr. Bromell's buttocks without Mr. Bromell's consent.  Defendant Officer Kyle then reached around to Mr. Bromell's chest and squeezed his pectoral muscles. Defendant Officer Kyle then ran his hands down to Mr. Bromell's penis, squeezed his genitals, and said, "You fuckin' inmates must like this shit if you're in here.  Do you like it when I do this?"

*Plaintiff's Response to Motion to Dismiss,* at p. 2 (Docket No. 25).

**B.     Standard of Law and Discussion of Claims**

Defendants seek dismissal of Plaintiff's entire Complaint.  A complaint should not be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).  In reviewing a case for dismissal, the Court is required to treat all allegations of material fact as true and to construe them in a light most favorable to the non-moving party.  *Id*.

**MEMORANDUM ORDER  2**

(quoting *Western Reserve Oil & Gas Co. v. New*, 765 F.2d 1428, 1430 (9th Cir. 1985), *cert. denied*, 474 U.S. 1056 (1986)).

The federal courts view Rule 12(b)(6) motions with disfavor. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). A court should dismiss a case without leave to amend only in "extraordinary" cases. *United States v. City of Redwood City*, 640 F.2d 963, 966 (9th Cir. 1981).

To support his argument for dismissal, Defendant Kyle relies on *Boddie v. Schnieder*, 105 F.3d 857 (2d Cir. 1997), which held that only "severe or repetitive sexual abuse of an inmate can be objectively, sufficiently serious enough to constitute an Eighth Amendment violation." *Id*. at 861 (internal citation and punctuation omitted). In *Boddie*, the Second Circuit Court held that several instances of sexual harassment and touching, though "despicable" and "potentially . . . the basis of state tort actions," "d[id] not involve a harm of federal constitutional proportion." *Id*. at 861. Defendant also relies on several similar lower court cases that cite to and follow *Boddie*. *See, e.g., Davis v. Castleberry*, 364 F.Supp. 2d 319, 320-22 (D.D.Y. 2005); *Montero v. Crusie*, 153 F.Supp. 2d 368, 373 (D.N.Y. 2001); *Morrison v. Cortright*, 397 F.Supp. 2d 424, 424-25 (D.N.Y. 2005).

Plaintiff asserts that *Calhoun v. Detella*, 319 F.3d 936 (7th Cir. 2003), is more reflective of contemporary standards of decency than the *Boddie* decision. In *Calhoun*, the Seventh Circuit Court reasoned:

> There is no question that strip searches may be unpleasant, humiliating, and embarrassing to prisoners, but not every psychological discomfort a prisoner endures amounts to a constitutional violation. . . .

**MEMORANDUM ORDER  3**

Instead, the Eighth Amendment prohibits unnecessary and wanton infliction of pain, thus forbidd justification that it results in the gratuitous infliction of suffering." *Gregg v. Georgia*, 428 U.S. 153, 173, 183, 96 S.Ct. 2909, 49 L.Ed.2d 859 (1976). Such gratuitous infliction of pain always violates contemporary standards of decency and need not produce serious injury in order to violate the Eighth Amendment. *See Hudson v. McMillian*, 503 U.S. 1, 9, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992). Moreover, physical injury need not result for the punishment to state a cause of action, for the wanton infliction of psychological pain is also prohibited. *See id.* at 16, 112 S.Ct. 995 (Blackmun, J., concurring); *Delaney v. DeTella*, 256 F.3d 679, 685 (7th Cir. 2001); *Babcock v. White*, 102 F.3d 267, 273 (7th Cir.1996). Accordingly, to state an Eighth Amendment claim Calhoun must show that the strip search in question was not merely a legitimate search conducted in the presence of female correctional officers, but instead a search conducted in a harassing manner intended to humiliate and inflict psychological pain. *See Peckham v. Wis. Dep't of Corr.*, 141 F.3d 694, 697 (7th Cir. 1998); *Johnson,* 69 F.3d at 147.

*Id*. at 939.

Similarly, in *Rodriguez v. McClenning*, 399 F.Supp. 2d 228 (D. N.Y. 2005), the United States District Court for the District of Washington rejected the *Boddie* standard as *not* reflective of contemporary standards of decency.  In *Rodriguez*, where an inmate alleged that a correctional officer sexually assaulted him during a search, similar to Plaintiff Bromell's allegations here, the Court reasoned:

> Rodriguez's allegations of sexual assault are similar to the plaintiff's allegations in *Boddie*. However, since Eighth Amendment violations must be examined in light of contemporary standards of decency, this Court must determine whether societal expectations and standards regarding the sexual assault of prison inmates has changed in the eight years since *Boddie*.
>
> There is no bright line test that identifies contemporary standards of decency.  However, consistent changes in states' laws to outlaw a practice, coupled with a high number of states that prohibit the practice, provide strong evidence of a national consensus against the practice as cruel and unusual.  Developments in states' laws since *Boddie* indicate that contemporary standards of decency have evolved to condemn the sexual assault of prison inmates by prison employees. In 1998, one year after the Boddie decision, only fifteen states did not prohibit sexual contact between

**MEMORANDUM ORDER  4**

>prison employees and inmates. Since 1998, however, eleven of these fifteen states outlawed such contact. Now, only four states fail to outlaw such behavior. The "consistency of the direction of change" to states' laws, as well as the overwhelming number of states that now prohibit this conduct, demonstrate a national consensus that any sexual assault of a prisoner by a prison employee constitutes cruel and unusual punishment. Given these societal standards, McClenning's alleged conduct violated Rodriguez's Eighth Amendment rights.

*Id*. at 237-38 (footnotes omitted).

In another recent case, *Turner v. Huibregtse*, 421 F.Supp.2d 1149 (D. Wis. 2006), the court was unwilling to dismiss a case brought on similar allegations.  That court used the *Calhoun* standard, similar to an excessive force standard, of requiring a showing that the bodily search was "conducted in a harassing manner intended to humiliate and inflict psychological pain."  *Id*. at 1151 (quoting *Calhoun*, 319 F.3d at 939).  The *Turner* Court observed:

>Prison officials are certainly permitted to touch, pat down and search a prisoner in order to determine whether the prisoner is hiding anything dangerous in his person.  However, grabbing a prisoner's buttocks and fondling his penis do not advance any legitimate security interest.  Plaintiff has alleged sufficient facts to state a claim that defendant Mickelson searched him in a harassing manner intended to humiliate and inflict psychological pain.

*Id*. at 1151-52.

In *Schwenk v. Hartford*, 204 F.3d 1187, 1197 (9th Cir. 2000), a case where an inmate alleged that a correctional officer raped him, the Ninth Circuit expressed its view that uninvited sexual contact violates contemporary standards of decency:

>The Eighth Amendment proscribes the infliction of cruel and unusual punishment on prisoners. Whether a particular event or condition in fact

**MEMORANDUM ORDER  5**

>constitutes "cruel and unusual punishment" is gauged against "the evolving standards of decency that mark the progress of a maturing society." *Hudson v. McMillian*, 503 U.S. 1, 8, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 346, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981)). However, the Supreme Court has clearly and repeatedly held that "when prison officials maliciously and sadistically use force to cause harm contemporary standards of decency are always violated." *Id*. at 9, 112 S.Ct. 995 (emphasis added). In such cases, no lasting physical injury is necessary to state a cause of action. Rather, the only requirement is that the officer's actions be "offensive to human dignity." *Felix v. McCarthy*, 939 F.2d 699, 702 (9th Cir.1991).
>
>A sexual assault on an inmate by a guard-regardless of the gender of the guard or of the prisoner-is deeply "offensive to human dignity."  *Id*.

204 F.3d at 1196-97.

There is no indication in *Schwenk* that the Ninth Circuit Court intended to limit constitutional violations to repeated instances of serious sexual misconduct as in *Boddie*. Rather, that Court noted that "Rape, coerced sodomy, unsolicited touching of women prisoners' vaginas, breasts and buttocks by prison employees are 'simply not part of the penalty that criminal offenders pay for their offenses against society.'" 204 F.3d at 1197 (citations omitted).  In the context of a request for qualified immunity, the *Schwenk* Court also observed: "In the simplest and most absolute of terms, the Eighth Amendment right of prisoners to be free from sexual abuse was unquestionably clearly established prior to the time of this alleged assault, and no reasonable prison guard could possibly have believed otherwise."  *Id*.

Based on all of the foregoing, this Court concludes that the *Calhoun* and *Schwenk* standards more closely reflect contemporary standards of decency – that an Eighth Amendment violation occurs when a bodily search is performed in a harassing manner

**MEMORANDUM ORDER  6**

intended to humiliate and inflict psychological pain.  *See Calhoun*, 319 F.3d at 939.  Stated another way, uninvited sexual contact that is done maliciously and sadistically to cause harm and that does not advance any legitimate security interest is the type of conduct that is "inconsistent with contemporary standards of decency" and that is "repugnant to the conscience of mankind," and therefore violates the Eighth Amendment. *See Schwenk*, 204 F.3d at 1196-97.  Stated yet another way, where uninvited sexual contact is totally without penological justification, even though it does not produce serious injury, it results in the gratuitous infliction of suffering, which always violates contemporary standards of decency.  *See Calhoun*, 319 F.3d at 939.

The standard for a showing of uninvited sexual contact between a prison official and an inmate that rises to the level of an Eighth Amendment violation is similar to an excessive force claim and has an objective and a subjective component.  As explained in *Smith v. Cochran*, 339 F.3d 1205 (10th Cir. 2003):

> Smith claims that Cochran violated her right to be free from cruel and unusual punishment by using excessive force against her in the form of rape and sexual abuse.
> "Ordinarily, an excessive force claim involves two prongs: (1) an objective prong that asks 'if the alleged wrongdoing was objectively harmful enough to establish a constitutional violation,' and (2) a subjective prong under which the plaintiff must show that 'the officials act[ed] with a sufficiently culpable state of mind.' " *Giron v. Corrections Corp. of America*, 191 F.3d 1281, 1289 (10th Cir.1999) (quoting *Hudson*, 503 U.S. at 8, 112 S.Ct. 995) (internal quotation marks omitted) (alteration in original). The objective component of an excessive force claim is "contextual and responsive to contemporary standards of decency." *Hudson*, 503 U.S. at 8, 112 S.Ct. 995. "The subjective element of an excessive force claim 'turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the

**MEMORANDUM ORDER  7**

very purpose of causing harm.' " *Giron*, 191 F.3d at 1289 (quoting *Whitley*, 475 U.S. at 320-21, 106 S.Ct. 1078).

Sexual abuse is repugnant to contemporary standards of decency and allegations of sexual abuse can satisfy the objective component of an Eighth Amendment excessive force claim.

339 F.3d at 1212.

**C.     Discussion**

Plaintiff's allegations are enough to show that Defendant Kyle may have violated his Eighth Amendment right to be free from sexual abuse. The allegations on their face show something more than the regular handling of prisoner's genitals that occurs in required body searches conducted in prison. Sexual abuse is repugnant to contemporary standards of decency, and thus the allegations meet the objective component of the test. In addition, the subjective component of the test is met with the specific allegations that Kyle pressed his own penis against Plaintiff's buttocks and that Kyle made inappropriate comments during the incident. Accordingly, Plaintiff's allegations are enough to defeat summary dismissal under the standard set forth in *Calhoun* and *Schwenk*.

II.

MOTION TO AMEND

Plaintiff requests permission to amend his Complaint.  Now that he has counsel, Plaintiff wishes to clarify his civil rights claim, add state law claims, and add defendants.  Leave to amend "shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a).

Having considered the proposed Amended Complaint, the Court shall grant Plaintiff's Motion, with the following exceptions.

A.      **Fourteenth Amendment Claim**

Plaintiff wishes to allege a substantive due process claim under the Fourteenth Amendment, relying on the same facts supporting his Eighth Amendment claim.  The Supreme Court has instructed the federal courts that, whenever possible, they should analyze constitutional claims using an "explicit textual source of constitutional protection," such as the Fourth Amendment, rather than using "the more generalized notion of 'substantive due process'" under the Fourteenth Amendment.  *Graham v. Connor*, 490 U.S. 386, 395 (1989).  Under the *Graham* principle, Plaintiff's claim is more appropriately construed as an Eighth Amendment claim than a Fourteenth Amendment substantive due process claim.

B.      **Intentional Infliction of Emotional Distress**

Defendant has not provided any legal authority for his assertion that section 1997e(e) of the PLRA bars a *state-law* claim for intentional infliction of emotional distress.  That statute provides that "no *federal civil action* may be brought by a prisoner

**MEMORANDUM ORDER  9**

. . . for mental or emotional injury suffered while in custody without a prior showing of physical injury." Accordingly, Plaintiff may proceed with this cause of action as a state law claim under the Court's supplemental jurisdiction.

**C.     Battery**

Defendant asserts that the Court should decline to exercise supplemental jurisdiction over the battery claim if all federal claims are dismissed. Because Plaintiff's federal claim remains, the Court will entertain the state battery claim against Defendant Kyle.

**D.     Negligent Supervision**

1.     State Law Claim

Defendant Kyle asserts that Plaintiff has insufficient facts to meet the legal elements of a state law negligent supervision claim under Idaho law. Particularly, Defendant alleges that because Plaintiff has no facts showing that the new Defendants acted with "malice or criminal intent," his claim is barred by Idaho Code §6-904. In *Doe v. Durtschi*, 716 P.2d 1238 (Idaho 1986), an Idaho Tort Claims Act involving assault and battery,[1] the Idaho Supreme Court noted that even though a governmental employee may have committed battery, the governmental entity itself could be held liable for *its own negligence* if it knew or should have known that the employee was likely to commit an intentional tort during the course and scope of employment. *See id.* at 1245. Similarly, a

---

[1] *See* Idaho Code § 6-904(4).

**MEMORANDUM ORDER  10**

failure to train and supervise claim is not prohibited by the Idaho Tort Claims Act. *See Kessler v. Barowsky*, 931 P.2d 641, 649 (Idaho 1997). Therefore, it appears that Plaintiff can proceed against the Department of Correction and Kyle's supervisors for their own alleged negligence.

    2.    <u>Federal Claim</u>

A § 1983 negligent supervision claim can be asserted against the new individual defendants that Plaintiff wishes to add if Plaintiff administratively exhausted that claim prior to filing his original Complaint. If not, Plaintiff cannot add such a claim. *See Woodford v. Ngo*, 126 S.Ct. 2378, 2384 (2006).

The Eleventh Amendment prohibits Plaintiff from asserting a federal claim against the Idaho Department of Correction. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) (The Supreme Court has consistently applied the Eleventh Amendment's jurisdictional bar to states and state entities "regardless of the nature of the relief sought.").

**E.    Request for Attorney's Fees under 42 U.S.C. § 1988**

Leave is granted for Plaintiff to add a request for attorney's fees under the civil rights statute.

**F.    Prospective Injunctive Relief**

Plaintiff asks that the Court require Defendants to adopt and implement a sexual harassment policy that prohibits correctional officers from sexually harassing inmates. Defendant Kyle states that the prison already has a search policy that covers sexual

**MEMORANDUM ORDER 11**

issues.  *See Affidavit of Christopher Graham*, Exhibit B (Docket No. 24-2).  However, it does not appear that IDOC has a specific sexual harassment policy that applies between employees and inmates in all contexts.  The Eleventh Amendment does not bar suit against a *government official* for prospective injunctive relief only.  *Ex parte Young*, 209 U.S. 123, 28 S.Ct. 441 (1908).  Therefore, Plaintiff may proceed against the new individual defendants on that basis.  Plaintiff is notified that the new Director of IDOC is Vaughn Killeen.

Plaintiff's request for an injunction that requires Defendants to prevent Officer Kyle from having any interaction with Plaintiff is moot, as Officer Kyle resigned from his position as a correctional officer in February 2006.  *See Affidavit of Christopher Graham*, Exhibit A (Docket No. 24-2).  This portion of the Motion to Amend is denied.

### III.

### ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiff's Motion to Amend (Docket No. 22) is GRANTED in part and DENIED in part as set forth above.

IT IS FURTHER HEREBY ORDERED that Plaintiff shall file a new Amended Complaint no later than **November 27, 2006.**  When the new Amended Complaint is filed, the Clerk of Court shall send a Waiver of Service of Summons to counsel for Defendants on behalf of the Defendants.

IT IS FURTHER HEREBY ORDERED that Defendant Kyle's Motion to Dismiss (Docket No. 23) is DENIED.

**MEMORANDUM ORDER  12**

IT IS FURTHER HEREBY ORDERED that Plaintiff's counsel and Defendants' counsel shall confer regarding discovery, dispositive motion, and settlement conference dates and deadlines.  If the parties conclude that they need an extension of time, they shall submit a stipulated modified litigation plan.



DATED:  **October 31, 2006**.

_____
Honorable Larry M. Boyle
Chief U. S. Magistrate Judge

**MEMORANDUM ORDER  13**